**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

KEVIN JOHN ALLIN SIMONS,

    Plaintiff,

        v.

GALIPEAU, et al.,

    Defendants.

CAUSE NO.: 3:24-CV-149-TLS-JEM

**OPINION AND ORDER**

Kevin John Allin Simons, a prisoner without a lawyer, filed a complaint against three defendants alleging they violated his constitutional rights and prison policy when he lost his prison job. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Simons asserts that, on January 3, 2023, he was found guilty of a disciplinary offense and transferred from Chain O'Lakes Correctional Facility to Westville Correctional Facility. ECF No. 1 at 2. About six months later, on July 21, 2023, the disciplinary charge was dismissed. *Id*. However, Simons lost his kitchen job at Chain O'Lakes Correctional Facility because of the transfer. *Id*. He now asserts he should be reimbursed for his wages from January 3, 2023, to July 21, 2023, because his job loss was not his fault. *Id*. at 2, 4. Simons asserts he filed a number of grievances and wrote to the defendants about the job loss, but he never received a response. *Id*. at

2. He also filed a tort claim seeking reimbursement for his lost wages, but his claim was denied. *Id*.

To the extent Simons asserts his constitutional rights were violated because he lost his job, he cannot proceed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, "[t]he Constitution does not give prisoners any substantive entitlements to prison employment." *Soule v. Potts*, 676 Fed. App'x 585, 586 (7th Cir. 2017) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (2020); *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991) (en banc)). Moreover, because a prisoner does not have a liberty or property interest in a prison job, a deprivation of that job does not violate any procedural due process rights. *DeWalt*, 224 F.3d at 613. Due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The loss of a prison job itself does not meet that high standard. *See Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005) (determining that a prisoner was not entitled to process for discipline of two months in segregation, the loss of prison job, the loss of privileges, and a transfer); *see also Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (explaining that claims that inmate "lost his preferred prison living arrangement, his prison job and his eligibility for rehabilitative programs and that the disciplinary report has damaged his prison record" were not significant enough to trigger due process concerns). Therefore, Simons has not stated a claim against the Defendants.

Simons also contends the Defendants violated Indiana Department of Correction (IDOC) policy because it mandates that he be paid his wages for each day he was at Westville

2

Correctional Facility. ECF No. 1 at 2. Section 1983 allows a plaintiff to sue for a violation of his federal rights, not IDOC policies. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Therefore, even if the Defendants had violated prison policy, this would not form the basis for a constitutional claim.

As a final matter, Simons filed a tort claim seeking reimbursement for the wages he would have earned in his kitchen job. ECF No. 1 at 2; ECF 1-1 at 1. However, he has not stated a federal constitutional claim against any Defendant in this case. In the absence of a federal claim, this Court relinquishes jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). The Court will dismiss any state law claims contained in the complaint without prejudice should Simons wish to pursue them in state court.

The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to

deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the Court:

(1) DISMISSES WITHOUT PREJUDICE any state law claims contained in the complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on February 18, 2025.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4